## KELSEY a. BEERS.

*Supreme Court, First District; General Term, May,* 1863.

PROCEEDINGS AGAINST VESSELS.—UNITED STATES COURTS.—AD-
MIRALTY JURISDICTION.

Under 2 Rev. Stat., 499, § 42,—which provides that no proceeding to enforce liens
against vessels shall be had against vessels under seizure by virtue of process
issued by any United States court of admiralty jurisdiction, or against any ves-
. sel sold by order of such court, except for debts contracted after such sale,—a
sale pursuant to the judgment of a United States court cuts off all liens prior
thereto.*

The judgment of a court of the United States, the subject-matter of which is with-
in its jurisdiction, cannot be impeached by a State court.

Appeal from a judgment.

This action was brought by John W. Kelsey and nine others
against Jonathan Beers and William Morrison, upon the statu-
tory bond given to procure the release of the bark Manhattan,
previously known as the Vittorioso, which had been seized in
November, 1858, under the title of the Revised Statutes en-
titled : " Of proceedings for the collection of demands against
ships and vessels." On the 17th day of April, 1858, the firm
of John Thursby's Sons libelled the bark, for supplies, in the
District Court of the United States for the Southern District of
New York, whereupon she was on the same day seized by the
United States marshal, upon due process, and the usual pro-
ceedings in admiralty were thereafter had, and the vessel was
sold by the marshal on the 5th day of June, 1858, to one Isaac
Jennings, and the money paid into court. The sheriff of Kings
county, by virtue of an attachment issued on April 12th, 1858,
in a suit against one King Burns, attached the vessel some time
in April ; and subsequently, but prior to the sale of the vessel
by the marshal, by virtue of an execution against the property

* But see the new act (*Laws of* 1862, 956, ch. 482), by which (§ 34) these pro-
visions of the Revised Statutes are repealed in respect to future debts.

of King Burns, sold all his right, title, and interest to and in the bark, subject, however, to the claim and seizure of the marshal, whose representative protested on the spot against the interference of, and sale by the sheriff. The plaintiffs were present at the sheriff's sale of the vessel, and had personal notice of the seizure of the same by the marshal. During the winter and spring of 1858, plaintiffs did work and furnished materials for the vessel, at the request of the owner. Such work and materials were so done and furnished by plaintiffs prior to the sale of the vessel by the marshal, except a portion of plaintiff Kelsey's claim, which defendants admitted to have accrued after the sale, and offered to pay.

The defendants, in answering, denied that the plaintiffs' claims or any of them (save the aforesaid portion of Kelsey's claim) were, or ever were, liens upon the vessel under the statute, and claimed that the plaintiffs were effectually barred and precluded from having or enforcing their supposed claims, admitting, however, the portion of Kelsey's claim aforesaid. The action was referred to Charles W. Newton, Esq., to hear and determine, who, after the hearing, reported in favor of plaintiffs, to which defendants excepted, and took this appeal.

*Oliver Dyer*, for the appellants.—I. The claims of the plaintiffs were not subsisting liens, because the work and materials were not actually used in, or incorporated into the vessel. (Phillips *a.* Wright, 5 *Sandf.*, 342; Hiscox *a.* Harbeck, 2 *Bosw.*, 506, and cases there cited.) A true exposition of the statute, and the true rule of law, require that the labor and materials shall actually be put in and incorporated into the vessel, and the plaintiffs must show that they were actually so put in and incorporated. (5 *Sandf.*, 361, 362; 2 *Bosw.*, 510.) Unless the plaintiffs show this, a literal interpretation of the statute does not confer a lien. Nor does the spirit of the act warrant its extension to labor or materials ordered or bought for, but never used in the furnishing of a designated vessel. (5 *Sandf.*, 362; Veltman *a.* Thompson, 3 *N. Y.*, 441; Hood *a.* Manhattan Fire Ins. Co., 11 *Ib.*, 532; The Kiersage, 2 *Curt. C. C.* (Maine), 421.)

II. The record of the District Court is conclusive, and cannot be contradicted, or subjected to judicial inspection, in this

action. The adjudication was upon the thing, and concluded every interest in it; and the sale of the vessel under the decree passed to the purchaser a title discharged of all liens and incumbrances whatever. (Jennings *a.* Carson, 4 *Cranch*, 23; Croudson *a.* Leonard, *Ib.*, 437; Williams *a.* Amroyd, 7 *Ib.*, 432; *Exp.* Watkins, 3 *Pet.*, 193; Le Guen *a.* Gouverneur, 1 *Johns. Cas.*, 492; Vandenheuvel *a.* United Ins. Co., 2 *Ib.*, 138, 143; Hoyt *a.* Gelston, 13 *Johns.*, 141, 561; Grignon's Lessee *a.* Astor, 2 *How. Pr.*, 319; Gelston *a.* Hoyt, 3 *Wheat.*, 313; *Cootes' Adm. Pr.*, 109; 12*th Rule U. S. Supr. Ct.*, 3 *How. U. S.*; Steamer St. Lawrence, 1 *Black*, 522.)

III. The plaintiffs are barred from maintaining this action by express provisions of the statute under which it is brought. (2 *Rev. Stat.*, 499, §§ 13, 16, 18, 42; Hiscox *a.* Harbeck, 2 *Bosw.*, 612; Veltman *a.* Thompson, 3 *N. Y.*, 441.)

IV. The referee erred in admitting testimony as to the attachment-suit, the sale by the sheriff, and as to what was said at the sheriff's sale and at the marshal's sale. The sheriff sold subject to the marshal's claim. Of course, the purchaser bought subject to the marshal's claim, and got no adverse title. Suppose Beers made the declarations imputed to him; what then? If he thereby subjected himself to any claim, what bearing had that upon this statutory proceeding? If his personal liability were apparent and confessed, yet that would not reach or affect the question as to the existence of liens, the only question before the referee.

*Isaiah T. Williams*, for the respondents.—I. That the judgment is right, is admitted, unless the defendants have affirmatively established that the lien given by the statute had been cut off by the marshal's sale. To the effect claimed for the statute, the case presents three distinct answers: 1. The District Court got no jurisdiction over the vessel, for the reason that the marshal's arrest was utterly void,—and consequently she was never brought into court for condemnation. The sheriff of Kings had levied an attachment upon the vessel five days before the marshal's pretended arrest. The vessel was subsequently sold upon the execution issued in that action pursuant to the levy of the attachment. Under these circumstances, the proceedings in the District Court were utterly void. (Taylor *a.*

Caryl, 20 *How. U. S.*, 583.) 2. The libel, upon its face, shows that the District Court had no jurisdiction in the case over the vessel, to arrest, condemn, or sell her. The Federal courts sitting in admiralty get no jurisdiction *in rem*, unless it appear affirmatively that the repairs and supplies in question " could be procured only by creating a lien upon the vessel." (Pratt *a.* Reed, 19 *Ib.*, 359.) There is no such allegation in the libel. (Thomas *a.* Osborn, *Ib.*, 22.) 3. The pretended sale in the District Court was collusive and void. After Beers and his partners became owners of the claim and decree in favor of Thursbys,— owning, as they did, the vessel under and in virtue of the bill of sale executed by the sheriff of Kings upon the attachment and execution sale,—the two interests became merged, and the decree was thereby extinguished. (Bank of Salina *a.* Abbott, 3 *Den.*, 181.) But this was no sale at all. The referee finds that Jennings is but another phase of Beers, and, consequently, without any legal existence. The District Court could get no jurisdiction by virtue of the statute of the State of New York. It is alleged in the libel that the vessel " is a foreign vessel." This is the ground of jurisdiction upon which the libel is based. This places the case flatly upon the ground of Pratt *a.* Reed (*supra*). There was no jurisdiction over the vessel, for want of an affirmative allegation and proof that the supplies in question " could have been procured only by creating a lien upon the vessel." That is this case critically. (Maguire *a.* Card, 21 *How. U. S.*, 248; Allen *a.* Newbury, *Ib.*, 244.)

II. In the case before the court, we are to intend that the referee found all the facts against the defendants, of which there is any evidence contained in the case, of a character sufficient to support the finding of a jury, had a jury so found such facts. (Harden *a.* Palmer, 2 *E. D. Smith*, 172; Johnson *a.* Whitlock, 13 *N. Y.*, 348.)

Mullin, J.—In April, 1858, Beers and others procured an attachment to issue against King Burns in an action commenced in this court against him, to recover a debt alleged to be due said Beers and others; and, by virtue thereof, the vessel in question in this suit was seized, and thereafter sold by virtue of an execution issued on a judgment obtained in that suit. This sale was made expressly subject to all liens on said vessel,

including a lien of the marshal of the Southern District of New York, by virtue of his seizure thereof on process issued out of the District Court for such Southern District. Beers purchased at the sale by the sheriff.

I can perceive no reason why an action might not have been maintained by those having liens on the vessel, against Beers, by virtue of the liability assumed at the time of the sale. But no attempt has been made to charge him by reason of what occurred at such sale.

When the marshal seized the vessel in April, 1858, she was in the custody of the sheriff of Kings county by virtue of the levy of the attachment above mentioned. The marshal had the right to seize the vessel under those circumstances, and take her from the sheriff. But she was not removed, nor was the sheriff in any manner interfered with by the marshal; and, indeed, all opportunity for conflict of jurisdiction was prevented by the sale of the vessel, subject to the marshal's claim and seizure, by the sheriff, with the consent of the plaintiffs in the attachment, the owner of the vessel, and of all those having liens on the vessel then present.

I am of the opinion that the seizure by the marshal was regular, provided the court issuing the process under which it was made had jurisdiction.

That the District Court had admiralty jurisdiction cannot be denied, and that the question whether the vessel in question was liable to the lien set forth in the libel was one of admiralty jurisdiction is equally undeniable. The mode of proceeding adopted was in accordance with the practice of the court, and the vessel was within the jurisdictional limits of the court.

But it is said that it was not alleged in the libel that the materials, the price of which was sought to be charged on the vessel, "could only be procured by creating a lien on said vessel."

I do not think that the omission of the said allegation, even if the rules of the court in force at the time of filing said libel required it to be set out on the libel, renders void the judgment, so that another court is bound to declare it a nullity in a collateral action. The judgment was valid until revoked.

If I am right in this, and the judgment is valid, the sale in pursuance of it cut off all liens prior thereto; and as all of the

claims, for which a recovery was had before a referee, accrued before such sale, except one of Kelsey for $149.73, the judgment must be reversed, and a new trial ordered, unless plaintiffs will stipulate to reduce it to such sum, in which event it is affirmed, with costs to appellant.

SUTHERLAND, P. J., concurred.

CLERKE, J., expressed no opinion.